**In re Paul W. O'BRIEN, Debtor.**

No. 05–21316.

United States Bankruptcy Court,
W.D. New York.

May 1, 2007.

C. Bruce Lawrence, Devin L. Palmer, Boylan, Brown, Code, Vigdor & Wilson LLP, Rochester, NY, for Debtor.

Richard P. Vullo, Rochester, NY, Trustee.

William E. Brueckner, Rochester, NY, for Trustee.

## DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On March 24, 2005, Paul W. O'Brien (the "Debtor") filed a petition initiating a Chapter 7 case, and Richard P. Vullo, Esq. (the "Trustee") was appointed as his Chapter 7 Trustee.

On December 11, 2006, the Trustee filed a Motion for Summary Judgment on Turnover Demand (the "Summary Judgment Motion"), which asserted that: (1) a January 27, 2004 Employment Agreement (the "Employment Agreement"), entered into between the Debtor and Capital Formation, provided that the Debtor was to receive an annual gross base salary (the "Base Salary") of $130,000.00, payable in regular installments in accordance with the Company's general payroll practices, and subject to withholding pursuant to applicable federal, state and local laws; (2) the Employment Agreement also provided for other compensation including a possible annual bonus; (3) on December 20, 2005, subsequent to the filing of his petition, the Debtor received compensation from Capital Formation in the amount of $162,499.95 by the direct deposit into his bank account of fifteen separate deposits of $10,833.33 each; (4) at his Section 341 Meeting of Creditors, the Debtor confirmed that he had received from Capital Formation a regular paycheck of $10,833.33 for the months of January, March, September and November of 2005; and (5) at least eleven of the fifteen $10,833.33 direct deposits were for pre-petition regular installments of Base Salary, and those amounts, less any applicable withholding, should be turned over to the Trustee as Section 541 property of the estate.

On March 28, 2007, the Court entered a Decision & Order that: (1) required the Debtor to turn over to the Trustee five regular installments of Base Salary less any applicable federal, state and local taxes, and any other deductions as agreed upon by the parties; (2) the parties were to confirm if the Debtor had received any additional installments of Base Salary in the calendar year 2005; (3) the parties were to determine whether there was any applicable federal or New York State statutory or case law or applicable regulation

governing the allocation of back salary; and (4) the Summary Judgment Motion would be adjourned to address these various items.

At the April 18, 2007 adjourned date of the Summary Judgment Motion, the parties confirmed that: (1) the Debtor had received two additional post-petition monthly payments of base salary for the months of September and October 2005, so that at least seven of the fifteen $10,833.33 direct deposits received by the Debtor on December 20, 2005 were for prepetition regular installments of Base Salary; and (2) the parties had agreed that the net payment the Trustee was entitled to as a result of those seven installments of Base Salary, after all agreed deductions were taken, was $48,548.50.

On April 23, 2007, in accordance with the information the parties supplied to the Court at the April 14, 2007 adjourned date of the Summary Judgment Motion, the Court entered a Partial Judgment in favor of the Trustee in the amount of $48,548.50, which would bear post-judgment interest at the rate of 4.90% per annum (the "Partial Summary Judgment").

On April 25, 2007, the final adjourned date of the Summary Judgment Motion, the parties confirmed that they could not find any law or regulations governing the allocation of back salary, either to the oldest outstanding unpaid salary or the most recent unpaid salary.

### DISCUSSION

In the absence of any controlling law or regulation, or further information as to any policy or practice of Capital Formation Group with respect to the allocation of back salary, the Court finds that back salary which is not specifically allocated when paid, shall be allocated first to the oldest unpaid back salary periods then to more recent unpaid periods.

As a result, the Court finds that eleven of the fifteen installments of Base Salary paid to the Debtor on December 20, 2005 are payments of installments of Base Salary for prepetition periods.

### CONCLUSION

The Trustee may submit a further partial judgment for the agreed upon net salary of eleven installments of Base Salary ($76,290.50), less the seven net salary installments covered by the Partial Summary Judgment ($48,548.50), for an additional partial judgment of $27,742.00.

**IT IS SO ORDERED.**